<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

United States Bankruptcy Court for the:

Southern District of New York
_____
(State)

Case number *(if known)*: _____    Chapter  11

☐ Check if this is an
amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy  04/16

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| 1. | Debtor's Name | **Avaya Holdings Corp.** |
|---|---|---|

| 2. | All other names debtor used in the last 8 years | |
|---|---|---|
| | Include any assumed names, trade names, and *doing business as* names | |

| 3. | Debtor's federal Employer Identification Number (EIN) | **26-1119726** |
|---|---|---|

**4.  Debtor's address**

**Principal place of business**

**4655 Great America Parkway**
Number          Street

**Santa Clara, CA  95054**
City                          State    Zip Code

**Santa Clara**
County

Mailing address, if different from principal place of business

Number          Street

P.O. Box

City                          State    Zip Code

**Location of principal assets, if different from principal place of business**

Number          Street

City                          State    Zip Code

| 5. | Debtor's website (URL) | **http://www.avaya.com/en/** |
|---|---|---|

| 6. | Type of debtor | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☐ Other. Specify: _____ |

Debtor  **Avaya Holdings Corp.**                                    Case number *(if known)* _____
_____
Name

**7.  Describe debtor's business**

A.  *Check One:*

☐  Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐  Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐  Railroad (as defined in 11 U.S.C. § 101(44))

☐  Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐  Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐  Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒  None of the above

B.  *Check all that apply:*

☐  Tax-exempt entity (as described in 26 U.S.C. § 501)

☐  Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐  Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**5191**

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐  Chapter 7

☐  Chapter 9

☒  Chapter 11.  *Check all that apply:*

☐  Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).

☐  The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐  A plan is being filed with this petition.

☐  Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐  The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐  The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐  Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒  No
☐  Yes.   District _____ When _____ Case number _____
MM/DD/YYYY

District _____ When _____ Case number _____
MM/DD/YYYY

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐  No
☒  Yes.   Debtor   **See Rider 1**                          Relationship   **Affiliate**

District   **Southern District of New York**          When

Case number, if known  _____              MM / DD / YYYY

| Debtor | **Avaya Holdings Corp.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| **11. Why is the case filed in *this* district?** | *Check all that apply:* |
|---|---|
| | ☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | ☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| **12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?** | ☒ No[1] |
|---|---|
| | ☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed. |
| | **Why does the property need immediate attention?** (*Check all that apply.*) |
| | ☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety. |
| | What is the hazard? _____ |
| | ☐ It needs to be physically secured or protected from the weather. |
| | ☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options). |
| | ☐ Other _____ |
| | **Where is the property?** |
| | _____ |
| | Number        Street |
| | _____ |
| | City                State    Zip Code |
| | **Is the property insured?** |
| | ☐ No |
| | ☐ Yes. Insurance agency _____ |
| | Contact name _____ |
| | Phone _____ |

---

**Statistical and administrative information**

| **13. Debtor's estimation of available funds** | *Check one:* |
|---|---|
| | ☒ Funds will be available for distribution to unsecured creditors. |
| | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

| **14. Estimated number of creditors** | ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|
| | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | ☐ 200-999 | | |

| **15. Estimated assets** | ☒ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

[1]  The Debtor does not believe it owns or possesses any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.

| Debtor | **Avaya Holdings Corp.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

---

**16. Estimated liabilities**

| | |
|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    **01/19/2017**
                 MM/ DD / YYYY

✗    **/s/ Eric S. Koza**                                   **Eric S. Koza, CFA**
     Signature of authorized representative of debtor        Printed name

Title    **Chief Restructuring Officer**

**18. Signature of attorney**

✗    **/s/ Jonathan S. Henes**                    Date    **01/19/2017**
     Signature of attorney for debtor                       MM/ DD/YYYY

**Jonathan S. Henes, P.C.**
Printed name

**Kirkland & Ellis LLP**
Firm name

**601 Lexington Avenue**
Number                    Street

**New York**                               **New York**    **10022**
City                                        State           ZIP Code

**(212) 446-4800**                          **jonathan.henes@kirkland.com**
Contact phone                               Email address

**2822203**                      **New York**
Bar number                       State

---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____
Southern District of New York
(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an amended filing

## Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Avaya Inc.

- Avaya Inc.
- Avaya CALA Inc.
- Avaya EMEA Ltd.
- Avaya Federal Solutions, Inc.
- Avaya Holdings Corp.
- Avaya Holdings LLC
- Avaya Holdings Two, LLC
- Avaya Integrated Cabinet Solutions Inc.
- Avaya Management Services Inc.
- Avaya Services Inc.
- Avaya World Services Inc.
- Octel Communications LLC
- Sierra Asia Pacific Inc.
- Sierra Communication International LLC
- Technology Corporation of America, Inc.
- Ubiquity Software Corporation
- VPNet Technologies, Inc.
- Zang, Inc.

| Debtor name | Avaya Inc., *et al.* |
|---|---|

| United States Bankruptcy Court for the: | Southern | District of | New York |
|---|---|---|---|
| Case number *(If known):* | | | (State) |

Official Form 204

Chapter 11 or Chapter 9 Cases:  List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders                12/15    12/15

A list of creditors holding the 50 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.  Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 50 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Wistron Infocomm Technology America Attn: President or General Counsel 800 Parker Square, Suite 285A Flower Mound, TX 75028 | Name: Wistron Infocomm Technology America Attn: President or General Counsel Tel: 026-616-9999; 915-782-7828 Fax: 886-6612-2930 Email: amanda_fulfillment@wistron.com | Trade | | | | $8,843,104.85 |
| 2 | Avnet Inc. Attn: President or General Counsel 2021 Lakeside Blvd Richardson, TX 75082 | Name: Avnet Inc. Attn: President or General Counsel Tel: 800-332-8638 Fax: 913-663-7979 Email: chelcie.cramer@avnet.com | Trade | | | | $8,822,799.15 |

KE 44896691

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 3 | Hewlett Packard Enterprise Company Attn: President or General Counsel PO Box 740591 Los Angeles, CA 90074-0591  Hewlett Packard Enterprise Company Attn: President or General Counsel 3000 Hanover Street Palo Alto, CA 94304 | Name: Hewlett Packard Enterprise Company Attn: President or General Counsel Tel: 650-857-1501 Fax: 650-857-4837 Email: us-enterprise-orders@hpe.com | Trade | | | | $5,227,622.28 |
| 4 | Verint Americas Inc. Attn: President or General Counsel PO Box 905642 Charlotte, NC 28290-5642  Verint Americas Inc. Attn: President or General Counsel 175 Broadhollow Rd., Suite 100 Melville, NY 11747 | Name: Verint Americas Inc. Attn: President or General Counsel Tel: 770-754-8719 Fax: 770-754-1882 Email: Stephanie.Sewell@verint.com | Trade | | | | $4,288,292.65 |
| 5 | SalesForce.com Inc. Attn: President or General Counsel PO Box 842569 Boston, MA 02284-2569  SalesForce.com Inc. Attn: President or General Counsel The Landmark at One Market Suite 300 San Francisco, CA 94105 | Name: SalesForce.com Inc. Attn: President or General Counsel Tel: 415-901-8457 Fax: 415-901-7070 Email: collections@salesforce.com | Trade | | | | $4,053,140.00 |

KE 44896691

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 6 | Lite on Trading USA Inc.<br>Attn: President or General Counsel<br>720 S Hillview Drive<br>Milpitas, CA 95035 | Name: Lite on Trading USA Inc.<br>Attn: President or General Counsel<br>Tel: 408-946-4873<br>Fax: 408-130-7400<br>Email: Bingo.wang@liteon.com | Trade | | | | $3,922,199.34 |
| 7 | Tapfin Process Solutions<br>Attn: President or General Counsel<br>PO Box 905406<br>Charlotte, NC 28290-5406<br><br>Tapfin Process Solutions<br>Attn: President or General Counsel<br>100 Manpower Place<br>Milwaukee, WI 53212 | Name: Tapfin Process Solutions<br>Attn: President or General Counsel<br>Tel: 877-720-4384<br>Email: kendra.allbright@tapfin.com | Trade | | | | $3,544,797.53 |
| 8 | Oracle America Inc.<br>PO Box 198330<br>Atlanta, GA 30384<br><br>Oracle America Inc.<br>Attn: President or General Counsel<br>500 Oracle Parkway<br>Redwood Shores, CA 94065 | Name: Oracle America Inc.<br>Attn: President or General Counsel<br>Tel: 800-786-0404; 650-506-5200<br>Fax: 650-506-7114<br>Email: kavitha.venkatesh@oracle.com | Trade | | | | $3,246,315.86 |

3

KE 44896691

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | IBM Corporation Attn: President or General Counsel PO Box 534151 Atlanta, GA 30353-4151  IBM Corporation Attn: President or General Counsel 1 New Orchard Road Armonk, NY 10504-1722 | Name: IBM Corporation Attn: President or General Counsel Tel: 800-668-4423, 646-619-8897 Fax: 866-722-9226 Email: slarusso@us.ibm.com | Trade | | | | $2,997,295.13 |
| 10 | Infosys Technologies Limited Attn: President or General Counsel Plot No 45 & 46 Electronics Bangalore 0 560100 India | Name: Infosys Technologies Limited Attn: President or General Counsel Tel: 510-742-3000 Fax: 510-742-3090 Email: mahesh_eswar@infosys.com | Trade | | | | $2,074,090.80 |
| 11 | Mera Software Services Inc. Attn: President or General Counsel 5201 Great America Parkway Santa Clara, CA 95054 | Name: Mera Software Services Inc. Attn: President or General Counsel Tel: 408-969-9762 Email: james.hymel@merasws.com | Trade | | | | $1,790,116.80 |

4

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 12 | Flextronics Logistics USA Inc.<br>Attn: President or General Counsel<br>847 Gibraltar Drive<br>Milpitas, CA 95035 | Name: Flextronics Logistics USA Inc.<br>Attn: President or General Counsel<br>Tel: 901-215-2700<br>Fax: 901-215-2724<br>Email: shrikant.karad@flextronics.com | Trade | | | | $1,708,837.25 |
| 13 | World Wide Technology Inc.<br>Attn: President or General Counsel<br>60 Weldon Parkway<br>Maryland Heights, MO 63043 | Name: World Wide Technology Inc.<br>Attn: President or General Counsel<br>Tel: 314-919-1400<br>Fax: 314-569-8300<br>Email: sean.liston@wwt.com | Trade | | | | $1,604,109.97 |
| 14 | Xirrus Inc.<br>Attn: President or General Counsel<br>2101 Corporate Center Drive<br>Thousand Oaks, CA 91320 | Name: Xirrus Inc.<br>Attn: President or General Counsel<br>Tel: 805-262-1663<br>Fax: 805-262-1601<br>Email: jeff.plowman@xirrus.com | Trade | | | | $1,546,159.01 |

KE 44896691

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | Wistron Corporation Attn: President or General Counsel No. 5, Hsin-Ann Road Hsin Chu, 0 300 Taiwan | Name: Wistron Corporation Attn: President or General Counsel Tel: 886-2-8691-1206 Fax: 886-2-8691-2080 Email: amanda_fulfillment@wistron.com | Trade | | | | $1,353,645.43 |
| 16 | Luxoft Global Operations GMBH Attn: President or General Counsel Gubelstrasse 24 Zug 6300 Switzerland | Name: Luxoft Global Operations GMBH Attn: President or General Counsel Tel: 41-41-723-2040; 212-964-9900 Fax: 212-964-4377 Email: luxavayainvoicing@luxoft.com | Trade | | | | $1,281,567.25 |
| 17 | SHI International Corp (Non-Pcard) Attn: President or General Counsel 33 Knightsbridge Rd Piscataway, NJ 08854 | Name: SHI International Corp (Non-Pcard) Attn: President or General Counsel Tel: 732-868-5964 Fax: 732-805-9669 Email: ucsystems@shi.com | Trade | | | | $1,251,508.16 |

6

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18 | Marketsource Inc. Attn: President or General Counsel PO Box 102348 Atlanta, GA 30368<br><br>Marketsource Inc. Attn: President or General Counsel 11700 Great Oaks Way Suite 500 Alpharetta, GA 30022 | Name: Marketsource Inc. Attn: President or General Counsel Tel: 770-674-5000 Fax: 770-674-5077 Email: hsims@marketsource.com | Trade | | | | $1,248,922.92 |
| 19 | Flextronics Telecom Systems LTD Attn: President or General Counsel Level 3, Alexander House 35 Cybercity Ebene Mauritius | Name: Flextronics Telecom Systems LTD Attn: President or General Counsel Tel: 86-7565138000 Fax: 86-7565218088 Email: srinath.gopalaramakrishnan@flextronics.com | Trade | | | | $1,247,440.23 |
| 20 | American Express Corp Card Remit Attn: President or General Counsel 20002 N 19th Ave Phoenix, AZ 85027 | Name: American Express Corp Card Remit Attn: President or General Counsel Tel: 602-537-8500 Fax: 602-744-8603 Email: tracy.a.mcdonald@aexp.com | Trade | | | | $1,210,802.72 |

7

KE 44896691

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Communications Test Design Inc.<br>Attn: President or General Counsel<br>PO Box 416086<br>Boston, MA 02241-6086<br><br>Communications Test Design Inc.<br>Attn: President or General Counsel<br>1373 Enterprise Drive<br>West Chester, PA 19380 | Name: Communications Test Design Inc.<br>Attn: President or General Counsel<br>Tel: 610-436-5203<br>Fax: 610-436-6890<br>Email: shartshorne@ctdi.com | Trade | | | | $1,199,837.67 |
| 22 | Stream International Inc.<br>Attn: President or General Counsel<br>3285 Northwood Circle<br>Eagan, MN 55121 | Name: Stream International Inc.<br>Attn: President or General Counsel<br>Tel: 902-537-0647<br>Fax: 902-491-5872<br>Email: vinod.radhakrishnan@convergys.com | Trade | | | | $1,175,353.82 |
| 23 | Oracle Credit Corporation<br>Attn: President or General Counsel<br>260 N Charles Lindergh Dr<br>Salt Lake City, UT 84116 | Name: Oracle Credit Corporation<br>Attn: President or General Counsel<br>Tel: 650-506-2020<br>Fax: 650-633-0804<br>Email: konstantin.chabanny@oracle.com | Trade | | | | $1,000,000.25 |

KE 44896691

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 24 | ServiceSource International Inc.<br>Attn: President or General Counsel<br>634 2nd Street<br>San Francisco, CA 94107 | Name: ServiceSource International Inc.<br>Attn: President or General Counsel<br>Tel: 800-211-5868; 415-901-6030<br>Fax: 415-962-3230<br>Email: agencybilling@servicesource.com | Trade | | | | $990,857.60 |
| 25 | Empirix Inc.<br>Attn: President or General Counsel<br>Dept Ch 10919<br>Palatine, IL 60055-0909<br><br>Empirix Inc.<br>Attn: President or General Counsel<br>600 Technology Park Drive<br>Suite 100<br>Billerica, MA 01821 | Name: Empirix Inc.<br>Attn: President or General Counsel<br>Tel: 972-461-4441; 978-313-7000<br>Fax: 978-313-7001<br>Email: sgoodman@empirix.com | Trade | | | | $967,962.92 |
| 26 | Innovatia Inc.<br>Attn: President or General Counsel<br>Innovatia Inc, a Canadian Corp<br>1 Germain Street<br>Saint John, NB E2L 4V1<br>Canada | Name: Innovatia Inc.<br>Attn: President or General Counsel<br>Tel: 506-640-4118<br>Fax: 506-640-4422<br>Email: andrea.sherwood@innovatia.net | Trade | | | | $966,056.36 |

9

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 27 | Teletech Attn: President or General Counsel 9197 South Peoria Street Englewood, CO 80112 | Name: Teletech Attn: President or General Counsel Tel: 303-397-8100 Fax: 303-3978-670 Email: apinvoicesinquiries@teletech.com | Trade | | | | $883,933.73 |
| 28 | Holland & Knight Trust Account Attn: President or General Counsel 1600 Tysons Blvd, Suite 700 Mclean, VA 22102-4867 | Name: Holland & Knight Trust Account Attn: President or General Counsel Tel: 703-720-8604 Fax: 703-720-8610 Email: stuart.mendelsohn@hklaw.com | Trade | | | | $736,377.49 |
| 29 | Grape UP Sp. Z o.o. Attn: President or General Counsel Ul Pradnicka 89 6 Krakow 31-202 Poland | Name: Grape UP Sp. Z o.o. Attn: President or General Counsel Tel: 48-12-416-11-49 Email: office@grapeup.com | Trade | | | | $734,984.30 |

KE 44896691

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 30 | CSC Covansys Corporation Attn: President or General Counsel 22475 Network Place Chicago, IL 60673 | Name: CSC Covansys Corporation Attn: President or General Counsel Tel: 248-848-8853 Fax: 248-488-2098 Email: aramericas@csc.com | Trade | | | | $711,655.51 |
| 31 | Computer Generated Solutions Attn: President or General Counsel 2-56 33 K 40 Khanamet Madhapur, Hyderabad 500081 India | Name: Computer Generated Solutions Attn: President or General Counsel Tel: 212-408-3800 Fax: 212-977-7474 Email: srvish@cgsinc.com | Trade | | | | $670,237.57 |
| 32 | Flextronics America LLC Attn: President or General Counsel 1000 Technology Drive West Columbia, SC 29170-2263 | Name: Flextronics America LLC Attn: President or General Counsel Tel: 803-936-5200 Email: mxgdlarremittancepaymentsfiebv@flextronics.com | Trade | | | | $665,966.75 |

11

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 33 | CyrusOne<br>Attn: President or General Counsel<br>1649 W Frankford Road<br>Carrollton, TX 75007 | Name: Cyrusone<br>Attn: President or General Counsel<br>Tel: 513-841-5040<br>Fax: 713-353-1089<br>Email: veronica.cochrum@cbts.cinbell.com | Trade | | | | $653,289.61 |
| 34 | MarketStar Corporation<br>Attn: President or General Counsel<br>2475 Washington Blvd<br>Ogden, UT 84401 | Name: MarketStar Corporation<br>Attn: President or General Counsel<br>Tel: 800-877-8259<br>Fax: 801-393-4115<br>Email: djones@marketstar.com | Trade | | | | $613,280.56 |
| 35 | Servion Global Solutions<br>Attn: President or General Counsel<br>3 Independence Way, Suite 304<br>Princeton, NJ 08540 | Name: Servion Global Solutions<br>Attn: President or General Counsel<br>Tel: 609-987-0044<br>Fax: 609-514-5118<br>Email: ar@servionusa.com | Trade | | | | $608,132.58 |

12

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 36 | PM Telco LLC<br>Attn: President or General Counsel<br>11 Canal Center Plaza S-200<br>Alexandria, VA 22314 | Name: PM Telco LLC<br>Attn: President or General Counsel<br>Tel: 410-695-1459<br>Fax: 410-695-1459<br>Email: richard.myers@robbinsgioia.com | Trade | | | | $577,365.91 |
| 37 | Coupa Software Inc.<br>Attn: President or General Counsel<br>PO Box 398396<br>San Francisco, CA 94139-8396<br><br>Coupa Software Inc.<br>Attn: President or General Counsel<br>1855 S. Grant Street<br>San Mateo, CA 94402 | Name: Coupa Software Inc.<br>Attn: President or General Counsel<br>Tel: 775-800-1111<br>Fax: 650-401-7907<br>Email: ar@coupa.com | Trade | | | | $575,137.58 |
| 38 | Convergys HR Management NAR<br>Attn: President or General Counsel<br>1450 Solutions Center<br>Chicago, IL 60677-1004 | Name: Convergys HR Management NAR<br>Attn: President or General Counsel<br>Tel: 513-784-5472<br>Fax: 513-241-4836<br>Email: sonal.m.grzymajlo@convergys.com | Trade | | | | $554,606.00 |

13

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 39 | Wipro LTD Attn: President or General Counsel Doddakannelli Sarjapur Rd Bangalore 560035 India | Name: Wipro LTD Attn: President or General Counsel Tel: 91-80-28440011 Fax: 91-80-28440256 Email: edebtors-usa@wipro.com | Trade | | | | $550,688.79 |
| 40 | Nuance Communications Inc. Attn: Brendan McKay One Wayside Road Burlington, MA 01803 | Name: Nuance Communications Inc. Attn: Brendan McKay Tel: 781-565-5197 Fax: 781-565-5001 Email: janice.buck@nuance.com | Trade | | | | $548,409.38 |
| 41 | Aricent Technologies (Holdings) LTD Attn: President or General Counsel 700 Hansen Way Palo Alto, CA 94304 | Name: Aricent Technologies (Holdings) LTD Attn: President or General Counsel Tel: 650-391-1088 Fax: 650-551-9901 Email: nikhil.gulati@aricent.com | Trade | | | | $514,940.00 |

14

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 42 | Red Hat Inc.<br>Attn: President or General Counsel<br>PO Box 1018-8655<br>Raleigh, NC 27601<br><br>Red Hat Inc.<br>Attn: President or General Counsel<br>100 East Davie Street<br>Raleigh, NC 27601 | Name: Red Hat Inc.<br>100 East Davie Street<br>Tel: 919-754-3700<br>Fax: 919-754-3701<br>Email: collectus@redhat.com | Trade | | | | $484,362.56 |
| 43 | Anixter Inc.<br>Attn: President or General Counsel<br>PO Box 847428<br>Dallas, TX 75284-7428<br><br>Anixter Inc.<br>Attn: President or General Counsel<br>2301 Patriot Blvd.<br>Glenview, IL 60026 | Name: Anixter Inc.<br>Attn: President or General Counsel<br>Tel: 800-323-8167; 714-695-2259<br>Fax: 224-521-8100<br>Email: patricia.webb@anixter.com | Trade | | | | $467,380.15 |
| 44 | Apex Systems Inc.<br>Attn: President or General Counsel<br>3750 Collections Center Drive<br>Chicago, IL 60693 | Name: Apex Systems Inc.<br>Attn: President or General Counsel<br>Tel: 804-342-9090<br>Fax: 800-847-5737<br>Email: clmiller@apexsystemsinc.com | Trade | | | | $455,509.12 |

15

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
|---|---|---|---|---|---|---|---|
| 45 | Delta Networks Inc. Attn: President or General Counsel 186 Ruey Kuag Road Neihu Taipei City Taiwan | Name: Delta Networks Inc. Attn: President or General Counsel Tel: 866-2-8797-2088 Fax: 866-2-8797-2120 Email: qiuxia.zhang@deltaww.com.cn | Trade | | | | $418,393.63 |
| 46 | Infocrossing LLC Attn: President or General Counsel PO Box 415697 Boston, MA 02241-5699  Infocrossing LLC Attn: President or General Counsel 2 Christie Heights Street Leonia, NJ 07605 | Name: Infocrossing LLC Attn: President or General Counsel Tel: 201-840-4757 Fax: 201-840-7217 Email: ronnie.green@wipro.com | Trade | | | | $417,715.64 |
| 47 | Dynalec Corp Attn: President or General Counsel PO Box 5337 Syracuse, NY 13220-5337  Dynalec Corp Attn: President or General Counsel 87 W Main Street Sodus, NY 14551 | Name: Dynalec Corp Attn: President or General Counsel Tel: 315-483-6924 Fax: 315-483-6656 Email: loristp@dynalec.com | Trade | | | | $413,460.11 |

KE 44896691

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 48 | Prosys Information Systems Inc. Attn: President or General Counsel 28545 Network P Chicago, IL 60673-1285 | Name: Prosys Information Systems Inc. Attn: President or General Counsel Tel: 786-231-2178 Fax: 770-300-0486 Email: arremittance@prosysis.com | Trade | | | | $401,543.91 |
| 49 | AudioCodes Inc. Attn: President or General Counsel PO Box 10056 Uniondale, NY 11555-1005  AudioCodes Inc. Attn: President or General Counsel 2099 Gateway Pl, Suite 500 San Jose, CA 95110-1087 | Name: AudioCodes Inc. Attn: President or General Counsel Tel: 972-3-976-4000; 408-441-1175 Fax: 972-3-976-4040; 408-451-9520 Email: david.macmaster@audiocodes.com | Trade | | | | $384,976.78 |
| 50 | Network-1 Security Solutions, Inc. Attn: President or General Counsel 445 Park Avenue Suite 1028 New York, NY 10022 | Name: Network-1 Security Solutions, Inc. Attn: President or General Counsel Tel: 212-829-5770 Fax: 212-829-5771 Email: info@network-1.com | Litigation | Contingent, Unliquidated, Disputed | | | Undetermined |

17

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | Avaya Inc., *et al.* |
| United States Bankruptcy Court for the: | Southern District of New York |
| | (State) |
| Case number (If known): | |

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 50 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐ Other document that requires a declaration _____
_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **01/19/2017** | ☒ */s/ Eric S. Koza* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Eric S. Koza, CFA** |
| | Printed name |
| | **Chief Restructuring Officer** |
| | Position or relationship to debtor |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | § §  Chapter 11 |
| | § § |
| AVAYA HOLDINGS CORP., | § §  Case No. 17-_____ (___) |
| | § § |
| Debtor. | § § |
| | § |

### LIST OF EQUITY SECURITY HOLDERS[2]

| Debtor | Registered Holder | Address of Equity Holder | Type of Equity Security | Percentage Held |
|---|---|---|---|---|
| | 3 Peaks Leadership Tom Steitz | Consulting Group 350 S Lincoln Ave, Ste 102 Steamboat Springs CO 80487-8867 | CR1 | < 1.00% |
| | Bernd Achatz | Redacted | C01 | < 1.00% |
| | Kenneth Albanese | Redacted | C01 | < 1.00% |
| | | | CR1 | < 1.00% |
| | Pierre-Paul Allard | Redacted | C01 | < 1.00% |
| | | | CR1 | 2.57% |
| | Kenneth D Allen | Redacted | CR1 | < 1.00% |
| | Bret Allinson | Redacted | CR1 | < 1.00% |
| | Sophie Ames | Redacted | CR1 | < 1.00% |
| | Eric Andersen | Redacted | C01 | < 1.00% |
| | | | CR1 | < 1.00% |
| Avaya Holdings Corp. | Matthew Angell | Redacted | C01 | < 1.00% |
| | Mohammed Areff | Redacted | CR1 | < 1.00% |
| | Mirza Arifovic | Redacted | CR1 | < 1.00% |
| | Jocelyne Attal | Redacted | C01 | < 1.00% |
| | Gianluca Attura | Redacted | C01 | < 1.00% |
| | Thomas Awe | Redacted | C01 | < 1.00% |
| | Geoffrey Baird | Redacted | C01 | < 1.00% |
| | Steven Bandrowczak | Redacted | CR1 | < 1.00% |
| | John Paul Banks | Redacted | C01 | < 1.00% |
| | Carl Baptiste | Redacted | C01 | < 1.00% |
| | Alan Baratz | Redacted | C01 | < 1.00% |
| | | | CR1 | < 1.00% |
| | Darren Barnes | Redacted | CR1 | < 1.00% |
| | Gary E Barnett | Redacted | C01 | < 1.00% |
| | | | CR1 | 2.11% |
| Avaya Holdings | Anthony Bartolo | Redacted | C01 | < 1.00% |

---

[2]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.   All equity positions listed are as of the date of commencement of the chapter 11 case.

| Debtor | Registered Holder | Address of Equity Holder | Type of Equity Security | Percentage Held |
|---|---|---|---|---|
| Corp. | Vinay Bassi | Redacted | CR1 | 1.34% |
| | Michael Bayer | Redacted | C01 | < 1.00% |
| | | | CR1 | < 1.00% |
| | Michael Beck | Redacted | C01 | < 1.00% |
| | William Benson | Redacted | CR1 | < 1.00% |
| | Simon Bentley | Redacted | C01 | < 1.00% |
| | Gregory Billings | Redacted | C01 | < 1.00% |
| | Onkar Birk | Redacted | C01 | < 1.00% |
| | David Birnbaum | Redacted | C01 | < 1.00% |
| | Casey Birtwell | Redacted | C01 | < 1.00% |
| | Gordon Blackie | Redacted | CR1 | < 1.00% |
| | Jorge Blanco | Redacted | C01 | < 1.00% |
| | Matthew Booher | Redacted | C01 | < 1.00% |
| | Stephen Borcich | Redacted | C01 | < 1.00% |
| | Frank Boyle | Redacted | C01 | < 1.00% |
| | Jeremy Braidish | Redacted | CR1 | < 1.00% |
| | Thomas Brennan | Redacted | CR1 | < 1.00% |
| | Chester Brown | Redacted | C01 | < 1.00% |
| | Jimmy R Brown | Redacted | CR1 | < 1.00% |
| | Lorie Buckingham | Redacted | C01 | < 1.00% |
| | Julie Bujinowski | Redacted | C01 | < 1.00% |
| | Drew Burns | Redacted | CR1 | < 1.00% |
| | Troy Bustamante | Redacted | CR1 | < 1.00% |
| | Jeremy Butt | Redacted | C01 | < 1.00% |
| | Nelson Campelo | Redacted | C01 | < 1.00% |
| | Brian Carmichael | Redacted | C01 | < 1.00% |
| | Vito Carnevale | Redacted | CR1 | < 1.00% |
| | Buddie Ceronie | Redacted | C01 | < 1.00% |
| | David L Chavez | Redacted | CR1 | < 1.00% |
| | Ken Chin | Redacted | CR1 | < 1.00% |
| | James M Chirico | Redacted | C01 | < 1.00% |
| | | | CR1 | 5.32% |
| | George Christensen | Redacted | CR1 | < 1.00% |
| | J Robert Ciminera | Redacted | CR1 | < 1.00% |
| | Yannick Claereboudt | Redacted | C01 | < 1.00% |
| | Colm Cleary | Redacted | CR1 | < 1.00% |
| | Keith Clemente | Redacted | CR1 | < 1.00% |
| | Kevin Cook | Redacted | C01 | < 1.00% |
| | Gillian Cooper | Redacted | CR1 | < 1.00% |
| | Christine Cox | Redacted | CR1 | < 1.00% |
| | Pamela Craven | Redacted | C01 | < 1.00% |
| | Randall Cross | Redacted | CR1 | < 1.00% |
| | Javier Cuellar | Redacted | C01 | < 1.00% |
| Avaya Holdings | Cunningham Collective | 100 Pine Street | CR1 | 1.70% |

| Debtor | Registered Holder | Address of Equity Holder | Type of Equity Security | Percentage Held |
|--------|-------------------|--------------------------|-------------------------|-----------------|
| Corp. | LLC | Suite 700<br>San Francisco, CA  94111 | | |
| | Louis D'ambrosio | Redacted | C01 | < 1.00% |
| | Wael Damra | Redacted | CR1 | < 1.00% |
| | Ilan Dar | Redacted | CR1 | < 1.00% |
| | Sheldon Davis | Redacted | CR1 | < 1.00% |
| | Mark De La Vega | Redacted | C01 | < 1.00% |
| | Luino Dell'osso | Redacted | CR1 | < 1.00% |
| | Sanjeev Desai | Redacted | C01 | < 1.00% |
| | Sandra Devine | Redacted | C01 | < 1.00% |
| | Barat Dickman | Redacted | C01 | < 1.00% |
| | John Dilullo | Redacted | C01 | < 1.00% |
| | | | CR1 | < 1.00% |
| | Paul Dimaio | Redacted | C01 | < 1.00% |
| | Michael Doktorczyk | Redacted | CR1 | < 1.00% |
| | Linda Dotts | Redacted | C01 | < 1.00% |
| | Matthew M Douglas | Redacted | CR1 | < 1.00% |
| | Lori Dreher | Redacted | C01 | < 1.00% |
| | Paul Duffy | Redacted | C01 | < 1.00% |
| | Tara P Dunning | Redacted | C01 | < 1.00% |
| | Fariborz Ebrahimi | Redacted | C01 | < 1.00% |
| | | | CR1 | 1.79% |
| | Daryl Elliot | Redacted | CR1 | < 1.00% |
| | Averell Elliott | Redacted | C01 | < 1.00% |
| | James Estabrooks | Redacted | C01 | < 1.00% |
| | Andrew Fellouris | Redacted | C01 | < 1.00% |
| | Edward Felton | Redacted | C01 | < 1.00% |
| | James Ferenc | Redacted | C01 | < 1.00% |
| | Cindy Fiedelman | Redacted | C01 | < 1.00% |
| | | | CR1 | < 1.00% |
| | James Finn | Redacted | C01 | < 1.00% |
| | George J Fister III | Redacted | CR1 | < 1.00% |
| | Steven Fitz | Redacted | C01 | < 1.00% |
| | | | CR1 | < 1.00% |
| | Steven S Fitzgerald | Redacted | CR1 | 1.60% |
| | James Flinton | Redacted | C01 | < 1.00% |
| | Virginia D Flinton | Redacted | C01 | < 1.00% |
| | Joyce Fong | Redacted | CR1 | < 1.00% |
| | Christopher Formant | Redacted | C01 | < 1.00% |
| | Elizabeth Formant (Daughter) | Redacted | C01 | < 1.00% |
| | Christopher Tad-Formant (Son) | Redacted | C01 | < 1.00% |
| | Peter Cooper-Formant (Son) | Redacted | C01 | < 1.00% |
| | William Frederick | Redacted | C01 | < 1.00% |

| Debtor | Registered Holder | Address of Equity Holder | Type of Equity Security | Percentage Held |
|---|---|---|---|---|
| | Adele Freedman | Redacted | C01 | < 1.00% |
| | Julia French | Redacted | CR1 | < 1.00% |
| | Keith Friedman | Redacted | C01 | < 1.00% |
| | Juergen Gallmann | Redacted | C01 | < 1.00% |
| Avaya Holdings Corp. | Elizabeth Garcia | Redacted | C01 | < 1.00% |
| | Roger Gaston | Redacted | C01 | < 1.00% |
| | | | CR1 | 2.18% |
| | James Gibson | Redacted | C01 | < 1.00% |
| | Edwin Gillis | Redacted | C01 | < 1.00% |
| | Judith Gleeson | Redacted | C01 | < 1.00% |
| | Jaroslaw Glembocki | Redacted | C01 | < 1.00% |
| | | | CR1 | 1.29% |
| | Jeremiah Glodoveza | Redacted | CR1 | < 1.00% |
| | Stepehn Gold | Redacted | CR1 | < 1.00% |
| | Kevin Gould | Redacted | C01 | < 1.00% |
| | Jayesh Govindarajan | Redacted | C01 | < 1.00% |
| | Philip Graham | Redacted | CR1 | < 1.00% |
| | Minna Greco | Redacted | C01 | < 1.00% |
| | Steven Griset | Redacted | CR1 | < 1.00% |
| | John Grosshans | Redacted | C01 | < 1.00% |
| | David Gudmundson | Redacted | CR1 | < 1.00% |
| | Danny Gunter | Redacted | CR1 | < 1.00% |
| | Bernard Gutnick | Redacted | CR1 | < 1.00% |
| | Joel Hackney | Redacted | CR1 | 1.63% |
| | Lars-Ole Hansen | Redacted | C01 | < 1.00% |
| | James Hannon And Deborah Hannon | Redacted | C01 | < 1.00% |
| | Steven Hardy | Redacted | C01 | < 1.00% |
| | Kathryn Harrington | Redacted | CR1 | < 1.00% |
| | Michael Harrison | Redacted | C01 | < 1.00% |
| | Eric Hart | Redacted | C01 | < 1.00% |
| | Linda Hartig | Redacted | CR1 | 1.58% |
| | Alan Hase | Redacted | CR1 | < 1.00% |
| | Walid Hassan | Redacted | CR1 | < 1.00% |
| | Ashley Holland | Redacted | CR1 | < 1.00% |
| | Carson Hostetter | Redacted | CR1 | < 1.00% |
| | Michel Houde | Redacted | CR1 | 2.13% |
| | Bruce Hunt | Redacted | C01 | < 1.00% |
| | Charles Ill | Redacted | C01 | < 1.00% |
| | Howard Irgang | Redacted | CR1 | < 1.00% |
| | Nurali Jamani | Redacted | CR1 | < 1.00% |
| | Derrell R James | Redacted | CR1 | 2.85% |
| | David Johnson | Redacted | C01 | < 1.00% |
| | Christopher Jones | Redacted | C01 | < 1.00% |

| Debtor | Registered Holder | Address of Equity Holder | Type of Equity Security | Percentage Held |
|---|---|---|---|---|
| | Donald Joos | Redacted | C01 | < 1.00% |
| | Kenneth Kaisen | Redacted | C01 | < 1.00% |
| | Paul Katz | Redacted | C01 | < 1.00% |
| | Dinyar Kavouspour | Redacted | CR1 | < 1.00% |
| | Kevin Kennedy | Redacted | C01 | < 1.00% |
| | | | CR1 | 11.12% |
| Avaya Holdings Corp. | Kevin John Kennedy & Barbara Ann Kennedy Trust | Redacted | CR1 | < 1.00% |
| | Susan P Keys | Redacted | CR1 | < 1.00% |
| | William Kiely | Redacted | CR1 | < 1.00% |
| | Joseph C Kirincich | Redacted | CR1 | < 1.00% |
| | Ronald Kitlas | Redacted | C01 | < 1.00% |
| | Kenneth Klein | Redacted | C01 | < 1.00% |
| | Andreas Von Meyer Zu Knonow | Redacted | C01 | < 1.00% |
| | R Stephen Kouba | Redacted | CR1 | < 1.00% |
| | Daniel Kovacs | Redacted | CR1 | < 1.00% |
| | Howard Kradjel | Redacted | C01 | < 1.00% |
| | Venkatesh Krishnaswamy | Redacted | CR1 | < 1.00% |
| | Todd Krysiewicz | Redacted | CR1 | < 1.00% |
| | Nageshwara R Kunamneni | Redacted | CR1 | < 1.00% |
| | Francois Lancon | Redacted | CR1 | < 1.00% |
| | Guy Lardieri | Redacted | C01 | < 1.00% |
| | Jocelyn Larochelle | Redacted | CR1 | < 1.00% |
| | John Leary | Redacted | C01 | < 1.00% |
| | Richard Lee | Redacted | CR1 | < 1.00% |
| | Mark Leigh | Redacted | C01 | < 1.00% |
| | Mun Yuen Leong | Redacted | C01 | < 1.00% |
| | Peter Leuzzi | Redacted | C01 | < 1.00% |
| | James Livingston | Redacted | CR1 | < 1.00% |
| | Joseph Lohmeier | Redacted | CR1 | < 1.00% |
| | Tonya Long | Redacted | CR1 | < 1.00% |
| | Michael Loo | Redacted | C01 | < 1.00% |
| | Nidal Abou-Ltaif | Redacted | CR1 | 1.30% |
| | Nancy Luquette | Redacted | C01 | < 1.00% |
| | Nancy Luquette And David Luquette | Redacted | C01 | < 1.00% |
| | Craig Lynar | Redacted | CR1 | < 1.00% |
| | Kevin Mackay | Redacted | CR1 | 1.44% |
| | Eric Maclean | Redacted | CR1 | < 1.00% |
| | Eric Maclean | Redacted | CR1 | < 1.00% |

| Debtor | Registered Holder | Address of Equity Holder | Type of Equity Security | Percentage Held |
|---|---|---|---|---|
| | Saleh Mahbouba | Redacted | C01 | < 1.00% |
| | Frank Mahr | Redacted | C01 | < 1.00% |
| | Nancy Maluso | Redacted | C01 | < 1.00% |
| | Jeffrey Mandel | Redacted | C01 | < 1.00% |
| | J David Manganello | Redacted | C01 | < 1.00% |
| | | | CR1 | 2.04% |
| | Charles Mantione | Redacted | C01 | < 1.00% |
| | Giuseppe Manuele | Redacted | CR1 | 2.06% |
| Avaya Holdings Corp. | Dino Marasco | Redacted | CR1 | < 1.00% |
| | Paz Martos | Redacted | C01 | < 1.00% |
| | Joe Martucci | Redacted | C01 | < 1.00% |
| | Holger May | Redacted | CR1 | < 1.00% |
| | Elizabeth McCarthy | Redacted | C01 | < 1.00% |
| | John McGovern | Redacted | C01 | < 1.00% |
| | Christopher McGugan | Redacted | C01 | < 1.00% |
| | John Mead | Redacted | CR1 | < 1.00% |
| | Niranjan Mehta | Redacted | C01 | < 1.00% |
| | Eugene J Meier | Redacted | CR1 | < 1.00% |
| | Steven Melamed | Redacted | CR1 | < 1.00% |
| | Guenther Meyringer | Redacted | CR1 | < 1.00% |
| | Albert Miles | Redacted | C01 | < 1.00% |
| | Thomas Glen Mitchell | Redacted | CR1 | < 1.00% |
| | Rajeev Mittal | Redacted | C01 | < 1.00% |
| | Pradeep Mohanty | Redacted | CR1 | < 1.00% |
| | Priyadarshi Mohapatra | Redacted | CR1 | < 1.00% |
| | Brian Morgan | Redacted | CR1 | 1.26% |
| | | | CR1 | 1.22% |
| | Hazem Morsy | Redacted | CR1 | < 1.00% |
| | Michael James Muller | Redacted | CR1 | 1.64% |
| | John Murphy | Redacted | C01 | < 1.00% |
| | | | CR1 | < 1.00% |
| | Cheryl Nabholz | Redacted | C01 | < 1.00% |
| | Cheryl Nabholz And Erich Knehans | Redacted | C01 | < 1.00% |
| | Christopher Nabors | Redacted | CR1 | < 1.00% |
| | Edward Nalbandian | Redacted | C01 | < 1.00% |
| | Jonathan Nally | Redacted | C01 | < 1.00% |
| | Prakash Nanduri | Redacted | C01 | < 1.00% |
| | John Nassar | Redacted | CR1 | < 1.00% |
| | Carol Neslund | Redacted | C01 | < 1.00% |
| | Nikos Nikolopoulos | Redacted | CR1 | 1.26% |
| | Paiman Nodouhshani | Redacted | C01 | < 1.00% |
| | John F Nunziati | Redacted | CR1 | < 1.00% |
| Avaya Holdings | David J Nye | Redacted | CR1 | < 1.00% |

| Debtor | Registered Holder | Address of Equity Holder | Type of Equity Security | Percentage Held |
|---|---|---|---|---|
| Corp. | Alan O'Brien | Redacted | C01 | < 1.00% |
| | | | CR1 | < 1.00% |
| | Amy Fliegelman Olli | Redacted | CR1 | 3.51% |
| | John Orbe | Redacted | C01 | < 1.00% |
| | Gregory Osterhout | Redacted | CR1 | < 1.00% |
| | Davide Pacchini | Redacted | CR1 | < 1.00% |
| | Daryl Page | Redacted | C01 | < 1.00% |
| | Amarnath Pai | Redacted | C01 | < 1.00% |
| | George Paolini | Redacted | C01 | < 1.00% |
| | Ashish R Parikh | Redacted | C01 | < 1.00% |
| | Neil Pearlman and Margaret Pearlman | Redacted | C01 | < 1.00% |
| | Ross Pellizzari | Redacted | C01 | < 1.00% |
| | Mary B Peot | Redacted | CR1 | < 1.00% |
| | Michael Perez | Redacted | C01 | < 1.00% |
| | Kai-Uwe Peters | Redacted | C01 | < 1.00% |
| | Laurent Philonenko | Redacted | C01 | < 1.00% |
| | | | CR1 | 1.00% |
| | Stephanie Pianka | Redacted | C01 | < 1.00% |
| | Ali Pirani | Redacted | C01 | < 1.00% |
| | Arthur Pravato | Redacted | CR1 | < 1.00% |
| | Sanford Preizler | Redacted | C01 | < 1.00% |
| | | | CR1 | < 1.00% |
| | Steven Rafferty | Redacted | CR1 | < 1.00% |
| | Tatarao Rajana | Redacted | CR1 | < 1.00% |
| | Ravi Ramanathan | Redacted | C01 | < 1.00% |
| | Marc J Randall | Redacted | C01 | < 1.00% |
| | | | CR1 | 1.62% |
| | Dana Regan | Redacted | CR1 | < 1.00% |
| | Stephen J Regini | Redacted | CR1 | < 1.00% |
| | Mario Rieth | Redacted | CR1 | < 1.00% |
| | Ian Roche | Redacted | CR1 | < 1.00% |
| | Frank Rondi | Redacted | C01 | < 1.00% |
| | Stephen Rooks | Redacted | C01 | < 1.00% |
| | Michael M Runda | Redacted | C01 | < 1.00% |
| | | | CR1 | 2.39% |
| | Lawrence F Salvatore | Redacted | CR1 | < 1.00% |
| | Carlos Sartorius and Karin Sartorius | Redacted | C01 | < 1.00% |
| | Mohan Sayani | Redacted | CR1 | < 1.00% |
| | Stephen Sayre | Redacted | CR1 | < 1.00% |
| | Wayne Scalf | Redacted | CR1 | < 1.00% |
| | Mark Schmidt | Redacted | C01 | < 1.00% |
| | Thomas Schollmeyer | Redacted | CR1 | < 1.00% |
| Avaya Holdings | Linda Schumacher | Redacted | C01 | < 1.00% |

| Debtor | Registered Holder | Address of Equity Holder | Type of Equity Security | Percentage Held |
|---|---|---|---|---|
| Corp. | Nancy Scott | Redacted | CR1 | < 1.00% |
| | Francis Scricco | Redacted | C01 | < 1.00% |
| | Anguan Seah | Redacted | CR1 | < 1.00% |
| | Asadolah Seghatoleslami | Redacted | C01 | < 1.00% |
| | William Seifert | Redacted | C01 | < 1.00% |
| | Jose Serrano | Redacted | CR1 | < 1.00% |
| | Ravi Sethi | Redacted | C01 | < 1.00% |
| | Samuel Shane | Redacted | C01 | < 1.00% |
| | Diane L Shariff | Redacted | C01 | < 1.00% |
| | Bryan Sheppeck | Redacted | C01 | < 1.00% |
| | Brett Shockley | Redacted | C01 | < 1.00% |
| | Scott Shoults | Redacted | CR1 | < 1.00% |
| | Sierra Co-Invest LLC | C/O Sierra Manager Co-Invest LLC 9 West 57th Street 32nd Floor New York, NY 10019 | C01 | 37.21% |
| | Silver Lake Partners III LP | C/O Silver Lake Attn: Karen King 2775 Sand Hill Road Suite 100 Menlo Park, CA 94025 | C01 | 22.36% |
| | Silver Lake Partners II LP | C/O Silver Lake Attn: Karen King 2775 Sand Hill Road Suite 100 Menlo Park, CA 94025 | C01 | 8.12% |
| | Silver Lake Technology Investors II LP | C/O Silver Lake Attn: Karen King 2775 Sand Hill Road Suite 100 Menlo Park, CA 94025 | C01 | < 1.00% |
| | Silver Lake Technology Investors III LP | C/O Silver Lake Attn: Karen King 2775 Sand Hill Road Suite 100 Menlo Park, CA 94025 | C01 | < 1.00% |
| | Dilsad Simons | Redacted | C01 | < 1.00% |
| | Baljit Singh | Redacted | CR1 | < 1.00% |
| | Glenn Skinner | Redacted | C01 | < 1.00% |
| | | | CR1 | < 1.00% |
| | James Smith | Redacted | C01 | < 1.00% |
| | Michael Smith | Redacted | CR1 | < 1.00% |
| Avaya Holdings | Daniel Solito | Redacted | CR1 | < 1.00% |

| Debtor | Registered Holder | Address of Equity Holder | Type of Equity Security | Percentage Held |
|---|---|---|---|---|
| Corp. | Jennifer L Spade | Redacted | CR1 | < 1.00% |
| | Scott Spehar | Redacted | C01 | < 1.00% |
| | Jennifer Stanley | Redacted | CR1 | < 1.00% |
| | Louise Stanley | Redacted | CR1 | < 1.00% |
| | Richard Steranka | Redacted | CR1 | 1.45% |
| | Malcolm Stewart | Redacted | C01 | < 1.00% |
| | Katherine Stinson | Redacted | C01 | < 1.00% |
| | John Sullivan | Redacted | CR1 | < 1.00% |
| | Shane Sullivan | Redacted | C01 | < 1.00% |
| | Brenda J Swithenbank & James R Franklin Trust | Redacted | C01 | < 1.00% |
| | Muzalliq Syed | Redacted | C01 | < 1.00% |
| | TPG FOF V-A LP | C/O TPG Global LLC 301 Commerce Street Suite 3300 Fort Worth, TX  76102 | C01 | < 1.00% |
| | TPG FOF V-B LP | C/O TPG Global LLC 301 Commerce Street Suite 3300 Fort Worth, TX  76102 | C01 | < 1.00% |
| | TPG Partners V LP | C/O TPG Global LLC 301 Commerce Street Suite 3300 Fort Worth, TX  76102 | C01 | 30.45% |
| | Troy Trenchard | Redacted | CR1 | 1.83% |
| | Carlos Trivino | Redacted | C01 | < 1.00% |
| | Kennedy Family Trust | Redacted | C01 | < 1.00% |
| | Micky Tsui | Redacted | C01 | < 1.00% |
| | Jean Turgeon | Redacted | CR1 | < 1.00% |
| | Paul Unbehagen Jr. | Redacted | CR1 | < 1.00% |
| | Rajesh V Vaidya | Redacted | CR1 | < 1.00% |
| | Abhay Valsangkar | Redacted | C01 | < 1.00% |
| | Johannes Van Der Velden | Redacted | C01 | < 1.00% |
| | Ronny Vansteenkiste | Redacted | CR1 | < 1.00% |
| | Garry Veale | Redacted | CR1 | 2.35% |
| | David Vellequette | Redacted | CR1 | 5.58% |
| | Christian Von Reventlow | Redacted | C01 | < 1.00% |
| | Gwynne Wayde | Redacted | C01 | < 1.00% |
| | Edward Walton | Redacted | CR1 | < 1.00% |
| | Donald Ward | Redacted | C01 | < 1.00% |
| Avaya Holdings | Adrienne Ware | Redacted | C01 | < 1.00% |

| Debtor | Registered Holder | Address of Equity Holder | Type of Equity Security | Percentage Held |
|--------|-------------------|--------------------------|-------------------------|-----------------|
| Corp. | Harvey Waxman | Redacted | C01 | < 1.00% |
| | Gregory D Weber | Redacted | CR1 | < 1.00% |
| | Stuart Wells | Redacted | C01 | < 1.00% |
| | Mark Wertlieb | Redacted | C01 | < 1.00% |
| | Christopher Wey | Redacted | CR1 | < 1.00% |
| | Edward Wilkie | Redacted | C01 | < 1.00% |
| | Sophia Williams | Redacted | C01 | < 1.00% |
| | Andrea M Lessani-Willits | Redacted | CR1 | < 1.00% |
| | Tad Winterbottom | Redacted | C01 | < 1.00% |
| | Simon Woollett | Redacted | C01 | < 1.00% |
| | Stacey Wu | Redacted | CR1 | < 1.00% |
| | John Young | Redacted | CR1 | < 1.00% |
| | Catherine Yurko & Richard Yurko Tr Michael Yurko | Redacted | C01 | < 1.00% |
| | Sheila Carson-Zaki | Redacted | CR1 | < 1.00% |

| Fill in this information to identify the case and this filing: | |
|---|---|
| Debtor Name          Avaya Holdings Corp. | |
| United States Bankruptcy Court for the: | Southern District of New York |
| | (State) |
| Case number (If known): | |

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors        12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____        List of Equity Security Holders_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **01/19/2017** | ☒ */s/ Eric S. Koza* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Eric S. Koza, CFA** |
| | Printed name |
| | **Chief Restructuring Officer** |
| | Position or relationship to debtor |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| AVAYA HOLDINGS CORP., | § | Case No. 17-_____ (____) |
| | § | |
| Debtor. | § | |
| | § | |

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Sierra Co-Invest LLC | 37.21% |

Fill in this information to identify the case and this filing:

Debtor Name          Avaya Holdings Corp.

United States Bankruptcy Court for the:                    Southern District of New York
                                                                          (State)
Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   Amended Schedule

☐   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒   Other document that requires a declaration_____    Corporate Ownership Statement_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **01/19/2017** | ☒ */s/ Eric S. Koza* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Eric S. Koza, CFA** |
| | Printed name |
| | **Chief Restructuring Officer** |
| | Position or relationship to debtor |

**Official Form 202**                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

# AVAYA HOLDINGS CORP.

## January 19, 2017

I, Adele C. Freedman, Corporate Secretary of Avaya Holdings Corp., a Delaware corporation (the "Corporation"), do hereby certify the following:

1.    I am the duly qualified and appointed Corporate Secretary of the Corporation.

2.    Attached hereto as **Exhibit A** is a true, correct, and complete copy of the resolutions (the "Resolutions") duly adopted by the board of directors of the Corporation acting pursuant to the Corporation's bylaws (as amended, amended and restated, modified, supplemented or replaced from time to time, the "Bylaws").

3.    The Resolutions are not inconsistent with the Bylaws.

4.    The Resolutions have not been amended, modified, repealed, or rescinded since adopted, and are in full force and effect on and as of the date hereof.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the date first written above.

Name: _____

Adele C. Freedman

Title:    Corporate Secretary

# RESOLUTIONS
## OF THE BOARD OF DIRECTORS OF AVAYA HOLDINGS CORP.

January 18, 2017

The undersigned, being all of the members of the board of directors (the "Board") of Avaya Holdings Corp., a Delaware corporation (the "Corporation"), approved and adopted the actions described in and authorized by these resolutions (the "Resolutions") at the meeting of the Board held on January 18, 2017, pursuant to the organizational documents of the Corporation and the laws of the State of Delaware:

## APPOINTMENT OF CHIEF RESTRUCTURING OFFICER

WHEREAS, the Board has considered presentations by the Corporation's management (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity situation of the Corporation, the strategic alternatives available to it, and the effect of the foregoing on the Corporation's business; and

WHEREAS, the Board discussed the foregoing with the Management and the Advisors and has determined, in the judgment of the Board, that it is in the best interests of the Corporation, its creditors, and other parties in interest to appoint a Chief Restructuring Officer (hereafter, the Chief Restructuring Officer shall be included in the term "Management").

NOW, THEREFORE, BE IT:

RESOLVED, that Mr. Eric S. Koza, CFA, be, and hereby is, appointed as the Chief Restructuring Officer of the Corporation upon the terms and conditions of that certain Services Agreement, dated as of September 8, 2016, by and among Avaya Inc. and its subsidiaries, Zolfo Cooper Management, LLC, and Mr. Koza (the "CRO Agreement"), which terms and conditions shall be and are hereby incorporated by reference in these Resolutions;

RESOLVED, that Mr. Koza shall report to the Board, and shall serve at the pleasure and direction of the Board on the terms and conditions set forth in the CRO Agreement;

RESOLVED, that Mr. Koza shall collaborate and maintain open communications with the other members of Management and the Board with respect to all aspects of his responsibilities;

RESOLVED, that Mr. Koza shall work with the other members of Management to collectively analyze and jointly make decisions with respect to the Corporation's liquidity and cash management;

RESOLVED, that Mr. Koza, in coordination with the Advisors and the other members of Management, shall be authorized from time to time to make decisions, subject to the control and direction of the Board, with respect to certain aspects of the Corporation's business related to: (a) the development of, or revisions to, the Corporation's business plan relevant to any Restructuring Decisions (as defined herein) or Transaction (as defined herein); (b) the Corporation's communications with and outreach to its stakeholders; and (c) various other

restructuring initiatives, including negotiations with, and proposals to, parties in interest (clauses (a)–(c), collectively, the "Restructuring Decisions"), subject to the direction of the Board in all respects.

RESOLVED, that Mr. Koza, in coordination with the other members of Management and the Advisors, shall facilitate negotiations and engagement with the Corporation's stakeholders; and

RESOLVED, that Mr. Koza shall not have any authority to make decisions with respect to: (a) the hiring or termination of officers or employees; (b) executing transactions; or (c) otherwise committing the Corporation or its resources, except as expressly authorized by separate resolution of the Board or otherwise approved by the Board.

## CHAPTER 11 FILING

WHEREAS, the Board considered presentations by Management and the Advisors regarding the liabilities and liquidity situation of the Corporation, the strategic alternatives available to it, and the effect of the foregoing on the Corporation's business; and

WHEREAS, the Board has consulted with Management and the Advisors and has fully considered each of the strategic alternatives available to the Corporation.

NOW, THEREFORE, BE IT:

RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Corporation, its creditors, and other parties in interest, that the Corporation shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by certain of the Corporation's domestic direct and indirect subsidiaries, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") or other court of competent jurisdiction.

RESOLVED, that the Chief Executive Officer, Chief Financial Officer, Chief Restructuring Officer, General Counsel, any Executive Vice President, any Senior Vice President, any Vice President, or any other duly appointed officer of the Corporation (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Corporation all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Corporation's business; provided, that, this authorization is not intended to expand the authority of the Chief Restructuring Officer beyond the authority bestowed upon him by the preceding Resolutions.

2

**RETENTION OF PROFESSIONALS**

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the law firm of Kirkland & Ellis LLP, as the Corporation's counsel, to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Corporation's rights and remedies, including filing any pleadings and conducting any potential sale process on behalf of the Corporation; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland & Ellis LLP in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Centerview Partners LLC, as the Corporation's investment banker, to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and remedies; and, in connection therewith, each of the Authorized Officers is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Centerview Partners LLC in accordance with applicable law.

RESOLVED, that each of the Authorized Officers (other than Mr. Koza in his capacity as Chief Restructuring Officer) be, and hereby is, authorized and directed to employ the firm of Zolfo Cooper LLC, as restructuring advisor, to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and remedies; and, in connection therewith, each of the Authorized Officers (other than Mr. Koza in his capacity as Chief Restructuring Officer) is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Zolfo Cooper Management, LLC in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of Prime Clerk LLC, as notice, claims, and balloting agent and as administrative advisor to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Prime Clerk LLC in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of PricewaterhouseCoopers LLP, as auditor, to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an

appropriate application for authority to retain PricewaterhouseCoopers LLP in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of KPMG LLP, as tax and accountancy advisor, to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain KPMG LLP in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ the firm of The Siegfried Group, LLP, as accountancy advisor and financial services consultant, to represent and assist the Corporation in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Corporation's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain The Siegfried Group, LLP in accordance with applicable law.

RESOLVED, that each of the Authorized Officers be, and hereby is, authorized and directed to employ any other professionals to assist the Corporation in carrying out its duties under the Bankruptcy Code; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate, or desirable, including (without limitation) special counsel to the extent determined necessary, appropriate, or desirable.

RESOLVED, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Officers deem necessary, appropriate, or desirable in connection with the Corporation's chapter 11 case.

## DEBTOR-IN-POSSESSION    FINANCING,    CASH    COLLATERAL    AND ADEQUATE PROTECTION[1]

RESOLVED, that the Corporation shall be, and hereby is, authorized by the Board to: (a) undertake any and all transactions contemplated by that certain Superpriority Secured Debtor-in-Possession Credit Agreement, by and among Avaya Inc., a Delaware corporation (the "Borrower"), the Corporation, the Subsidiaries of the Borrower from time to time party

---

[1]    Capitalized terms used and not defined in the following Resolutions have the meanings given to such terms in the DIP Documents or the Adequate Protection Documents, as applicable.

thereto as Guarantors, Citibank, N.A., as Administrative Agent (the "DIP Agent") and L/C Issuer, and each lender from time to time party thereto, as Lenders (the "DIP Credit Agreement"), on substantially the terms and subject to the conditions described to the Board and as set forth in the DIP Credit Agreement or as may hereafter be fixed or authorized by the Board or each of the Authorized Officers (and their designees and delegates), acting alone or with one or more other Authorized Officers; (b) borrow funds from, request the issuance of letters of credit, provide guaranties to, pledge its assets as collateral and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions" and each such transaction a "Financing Transaction") with such Lenders and L/C Issuer and on such terms as may be approved by any one or more of the Authorized Officers, as reasonably necessary for the continuing conduct of the affairs of the Corporation; (c) execute and deliver and cause the Corporation to incur and perform its obligations under the DIP Credit Agreement and Financing Transactions; (d) finalize the DIP Credit Agreement and Financing Transactions, consistent in all material respects with those that have been presented to and reviewed by the Board; and (e) pay related fees and grant security interests in and liens upon some, any or all of the Corporation's assets, as may be deemed necessary by any one or more of the Authorized Officers in connection with such Financing Transactions.

RESOLVED, that each of the Authorized Officers (and their designees and delegates), acting alone or with one or more other Authorized Officers be, and they hereby are, authorized, directed and empowered in the name of, and on behalf of, the Corporation, as debtor and debtor-in-possession, to take such actions and negotiate or cause to be prepared and negotiated and to execute, file, deliver and cause the Corporation to incur and perform its obligations under the DIP Credit Agreement and the "Loan Documents" (collectively, the "DIP Loan Documents"), any hedging agreements, any secured cash management agreements, any agreements with any letter of credit issuer, and all other agreements, instruments and documents (including, without limitation, any and all other intercreditor agreement, joinders, mortgages, deeds of trust, consents, notes, pledge agreements, security agreements, control agreements, interest rate swaps, caps, collars or similar hedging agreement and any agreements with any entity (including governmental authorities) requiring or receiving cash collateral, letters of credit or other credit support with proceeds from the DIP Credit Agreement) or any amendments thereto or waivers thereunder (including, without limitation, any amendments, waivers or other modifications of any of the DIP Loan Documents) that may be contemplated by, or required in connection with, the DIP Credit Agreement, the DIP Loan Documents and the Financing Transactions (collectively, the "DIP Financing Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, as such Authorized Officer shall in his or her judgment determine to be necessary or appropriate to consummate the transactions contemplated by the DIP Credit Agreement and DIP Loan Documents, which determination shall be conclusively evidenced by his or her execution or delivery thereof.

RESOLVED, that the form, terms and provisions of the DIP Credit Agreement and each of the other DIP Loan Documents be, and the same hereby are in all respects approved, and that any Authorized Officers or other officers of the Corporation are hereby authorized and empowered, in the name of and on behalf of, the Corporation, to execute and deliver and to execute and file the DIP Credit Agreement and each of the DIP Loan Documents to which the Corporation is a party, each in the form or substantially in the form thereof submitted to the Board, with such changes, additions and modifications thereto as the officers of the Corporation

5

executing the same shall approve, such approval to be conclusively evidenced by such officers' execution and delivery thereof.

RESOLVED, that the Authorized Officers and each other officer of the Corporation be, and each of them hereby is, authorized and empowered to authorize the DIP Agent to file any UCC financing statements and any necessary assignments for security or other documents in the name of the Corporation that the DIP Agent deems necessary or appropriate to perfect any lien or security interest granted under the DIP Loan Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Corporation and such other filings in respect of intellectual and other property of the Corporation, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent on behalf of itself and the other secured parties under the DIP Loan Documents.

RESOLVED, that each of the Authorized Officers be, and hereby are, authorized and empowered, in consultation with the Board, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the other DIP Loan Documents or any of the other DIP Financing Documents, and to execute and file on behalf of the Corporation all petitions, schedules, lists and other motions, papers or documents, which shall in his or her sole judgment be necessary, proper or advisable, which determination shall be conclusively evidenced by his or her execution thereof.

RESOLVED, that the Corporation will obtain benefits from the incurrence of the loans and letters of credit under the DIP Credit Agreement by the Borrower and the occurrence and consummation of the Financing Transactions under the DIP Credit Agreement and the DIP Loan Documents and the transactions under the DIP Financing Documents, which are necessary and appropriate to the conduct, promotion and attainment of the business of the Corporation.

RESOLVED, that the Commitment Letter and Fee Letter, each in substantially the form presented to the Board, among the Arranger (as defined therein) and the Corporation and any other documents or agreements executed in connection therewith are hereby in all respects approved and ratified as the true acts and deeds of the Corporation and the forms, terms and provisions and the Authorized Officers' execution of the same are in all respects approved and authorized.

WHEREAS, the Corporation and its affiliates will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for the Corporation's prepetition secured creditors (collectively, the "Secured Lenders") party to:

(a)     that certain Third Amended and Restated Credit Agreement dated as of December 21, 2012, among the Borrower, the Corporation, Citibank, N.A., as administrative agent (the "Cash Flow Credit Agreement Agent"), swing line lender, and

letter of credit issuer, and each lender from time to time party thereto (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "Prepetition Cash Flow Credit Agreement");

(b)    that certain Amended and Restated Credit Agreement dated as of October 29, 2012, among the Borrower, the Corporation, the Subsidiary Borrowers (as defined therein), Citicorp USA, Inc., as administrative agent (the "Domestic ABL Agent") and swing line lender, Citibank, N.A. as letter of credit issuer, and each lender from time to time party thereto (as amended, restated, amended and restated, supplemented, or otherwise modified from time to time, the "Domestic Prepetition ABL Credit Agreement");

(c)    those 7.00% senior secured first lien notes issued pursuant to that certain Indenture, dated as of February 11, 2011, among the Issuer, the guarantors party thereto, and The Bank of New York Mellon Trust Company, N.A. as trustee and notes collateral agent (the "7.00% Secured Notes Agent") (the "7.00% First Lien Notes");

(d)    those 9.00% senior secured first lien notes issued pursuant to that certain Indenture, dated as of December 21. 2012, among Avaya Inc., a Delaware corporation (the "Issuer"), the guarantors party thereto, and The Bank of New York Mellon Trust Company, N.A. as trustee and notes collateral agent (the "9.00% Secured Notes Agent")(the "9.00% First Lien Notes"); and

(e)    the 10.50% second lien notes issued pursuant to that certain Indenture, dated as of March 7, 2013, among the Issuer, the guarantors party thereto, and The Bank of New York Mellon Trust Company, N.A. as trustee and notes collateral agent (the "10.50% Secured Notes Agent" and together with the Cash Flow Credit Agreement Agent, the Domestic ABL Agent, the 7.00% Secured Notes Agent, and the 9.00% Secured Notes Agent, the "Agents") (the "Second Lien Notes").

NOW, THEREFORE, BE IT:

RESOLVED, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Corporation will provide certain adequate protection to the Secured Lenders (the "Adequate Protection Obligations"), as documented in a proposed interim order (the "Interim DIP Order") and submitted for approval to the Bankruptcy Court.

RESOLVED, that the form, terms, and provisions of the Interim DIP Order to which the Corporation is or will be subject, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved, and each of the Authorized Officers of the Corporation be, and hereby is, authorized and empowered, in the name of and on behalf of the Corporation, to take such actions and negotiate, or cause to be prepared and negotiated, and to execute, deliver, perform, and cause the performance of, the Interim DIP Order and the DIP Financing Documents (together with the Interim DIP Order, collectively, the "DIP Documents"), incur and pay or cause to be paid all fees and expenses and engage such persons, in each case, in the form or substantially in the form thereof submitted to the Board, with such changes,

additions, and modifications thereto as the Authorized Officers of the Corporation executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof.

RESOLVED, that the Corporation, as debtor and debtor in possession under the Bankruptcy Code be, and hereby is, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the DIP Documents (collectively, the "Adequate Protection Transactions").

RESOLVED, that the Authorized Officers of the Corporation be, and they hereby are, authorized and directed, and each of them acting alone be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Corporation, to take such actions as in their discretion is determined to be necessary, appropriate, or desirable and execute the Adequate Protection Transactions, including delivery of: (a) the DIP Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments to any DIP Documents (collectively, the "Adequate Protection Documents"); (b) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the Agents; and (c) such forms of deposit, account control agreements, officer's certificates, and compliance certificates as may be required by the DIP Documents or any other Adequate Protection Document.

RESOLVED, that each of the Authorized Officers of the Corporation be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Corporation to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Adequate Protection Transactions and all fees and expenses incurred by or on behalf of the Corporation in connection with these Resolutions, in accordance with the terms of the Adequate Protection Documents, which shall in their sole judgment be necessary, appropriate, or desirable to perform any of the Corporation's obligations under or in connection with the Interim DIP Order or any of the other Adequate Protection Documents and the transactions contemplated thereby and to carry out fully the intent of these Resolutions.

**GENERAL**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Officers, each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Corporation, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such Authorized Officer's or Authorized Officers' judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein.

RESOLVED, that the Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of the Corporation, or hereby waives any right to have received such notice.

8

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of the Corporation, which acts would have been approved by the foregoing Resolutions except that such acts were taken before the adoption of these Resolutions, are hereby in all respects approved, confirmed and ratified as the true acts and deeds of the Corporation with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of the Board.

RESOLVED, that each of the Authorized Officers (and their designees and delegates) and each other partner, member, or managing member of each direct subsidiary of the Corporation, be and hereby is authorized and empowered to take all actions or to not take any action in the name of and on behalf of the Corporation with respect to the transactions contemplated by these Resolutions hereunder as the sole shareholder, partner, member, or managing member of each direct subsidiary of the Corporation, in each case, as such Authorized Officer shall deem necessary, appropriate, or desirable in such Authorized Officer's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated herein.

\*        \*        \*        \*        \*